1

2

3

4                       UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7     PIONEER ROOFING ORGANIZATION,            Case No. 15-cv-03544-JD

8                 Plaintiff,

                                               **ORDER RE SUMMARY JUDGMENT**
9            v.
                                               Re: Dkt. No. 28
10    SHEET METAL WORKERS LOCAL
      UNION NO. 104,
11
                  Defendant.

12

13          This is a dispute between plaintiff Pioneer Roofing Organization ("Pioneer Roofing" or

14    "PRO"), a construction contractor, and defendant Sheet Metal Workers Local Union No. 104

15    ("Local 104" or "SMART LOCAL 104"), a labor organization.  Pioneer Roofing and Local 104

16    are parties to a collective bargaining agreement, and the case involves construction work that was

17    done at the War Memorial Building in San Francisco.

18          A dispute arose between the parties in connection with that work, and pursuant to the

19    collective bargaining agreement, the parties proceeded to a hearing before the Local Joint

20    Adjustment Board ("LJAB") on March 11, 2015.  The LJAB issued its decision on May 1, 2015.

21    Plaintiff has petitioned the Court to vacate that arbitration award pursuant to Section 301 of the

22    Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Dkt. No. 19.  Defendant filed a

23    counterclaim asking the Court to confirm the arbitration award under the same section of the

24    LMRA.  Dkt. No. 26.

25          Before the Court is Local 104's motion for summary judgment.  Defendant argues that

26    Pioneer Roofing's petition should be denied and it should be awarded judgment on its

27    counterclaim as a matter of law "because [Pioneer Roofing] cannot establish any of the limited

28    bases for vacating an arbitration award."  Dkt. No. 28 at 1.  The Court finds the motion suitable for

*United States District Court*
*Northern District of California*

1    decision without oral argument pursuant to Civil Local Rule 7-1(b), and grants summary judgment

2    for Local 104.

3                                              **DISCUSSION**

4           At bottom, all of Pioneer Roofing's arguments suffer from the same defect:  they are based

5    on a misunderstanding of the Court's limited role in this context.  The Supreme Court and Ninth

6    Circuit have been crystal clear:  Judicial review of an arbitration decision pursuant to a labor

7    agreement is "very limited," and courts "are not authorized to review the arbitrator's decision on

8    the merits despite allegations that the decision rests on factual errors or misinterprets the parties'

9    agreement."  *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).

10   "Because of the centrality of the arbitration process to stable collective bargaining relationships,

11   courts reviewing labor arbitration awards afford a 'nearly unparalleled degree of deference' to the

12   arbitrator's decision.  This deference applies both to the arbitrator's interpretation of the parties'

13   agreement and to his findings of fact."  *Southwest Regional Council of Carpenters v. Drywall*

14   *Dynamics, Inc.*, 823 F.3d 524, 530 (9th Cir. 2016) (internal citations omitted).  So long as the

15   arbitrator is even arguably construing or applying the contract or acting within the scope of his

16   authority, not even the fact that "a court is convinced he committed serious error" is sufficient to

17   overturn the decision; similarly, "[w]hen an arbitrator resolves disputes regarding the application

18   of a contract, and no dishonesty is alleged, the arbitrator's 'improvident, even silly, factfinding'

19   does not provide a basis for a reviewing court to refuse to enforce the award."  *Garvey*, 532 U.S. at

20   509 (internal quotations omitted).

21          In the award at issue here, the LJAB "found Pioneer Roofing in violation of the Collective

22   Bargaining Agreement for performing covered work with workers who were not signatory to

23   SMW Local Union No. 104 at the War Memorial Building."  Dkt. No. 19-1.  The LJAB

24   consequently imposed a fine in the amount of $600,000.00, to be held in abeyance for three years,

25   and also made due and payable by February 1, 2016, $64,000.00 of a fine that had previously been

26   imposed by a prior arbitration decision.  *Id*.

27          Pioneer Roofing makes several arguments to vacate this award.  They all reduce to the

28   same improper request that the Court ignore governing case law and go beyond its limited scope

United States District Court
Northern District of California

                                                   2

United States District Court
Northern District of California

1    of review.  Pioneer Roofing says, for example, that the arbitration award "disregards the law and is

2    contrary to public policy."  Dkt. No. 30 at 7.  But the way it expands on this argument shows that

3    what it is really doing is attacking the merits of the LJAB's decision.  *See*, *e.g.*, *id.* at 8 ("It is

4    undisputed that PCI controlled the work on the Project, not PRO.  However, by punishing PRO,

5    the LJAB indirectly and *erroneously determined* and/or extended its jurisdiction over PCI.")

6    (emphasis added); *id.* at 8-9 (even though Local 104's grievance was "premised on an alleged

7    assignment by PRO of SMART LOCAL 104 work to members of the Roofers Union," Local 104

8    was "well aware that PRO did not assign any SMART LOCAL 104 work to members of the

9    Roofers Union and never had the authority to do so.").  These arguments miss the mark because it

10   is well established that the Court is "not authorized to reconsider the merits of an award even

11   though the parties may allege that the award rests on errors of fact . . . ."  *United Paperworkers*

12   *Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987).

13          To the extent Pioneer Roofing argues the LJAB committed a "manifest disregard of the

14   law," that argument fails because Pioneer Roofing has not pointed to any place in the record that

15   clearly establishes that "the arbitrators recognized the applicable law and then ignored it."

16   *Michigan Mutual Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995) (citing cases).

17   An error of law "or a failure on the part of the arbitrators to understand or apply the law" is not

18   enough for the Court to vacate an award.  *Id.*  Pioneer Roofing has also failed to satisfy the "very

19   limited" and "narrow" public policy exception, because it has not identified "an explicit, well-

20   defined, and dominant public policy, as ascertained by reference to positive law and not from

21   general considerations of supposed public interests."  *Drywall Dynamics*, 823 F.3d at 533-34.

22   Pioneer Roofing's arguments about the nature of the LJAB's award here are also not well taken.

23   Article X, Section 5 of the collective bargaining agreement provides that the LJAB is "empowered

24   to render such decisions and grant such relief to either party as they deem necessary and proper,

25   including awards of damages or other compensation."  Dkt. No. 28-11 at 7.  The award that was

26   made fits within this broad grant of remedial authority, and that the agreement does not expressly

27   authorize a deferred fine, *see* Dkt. No. 30 at 8, is not a basis for vacating the award.  *See Stead*

28   *Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173*, 886 F.2d 1200, 1208 (9th Cir.

United States District Court
Northern District of California

1    1989) (Supreme Court was "categorical in its treatment of judicial second-guessing of the remedy

2    formulated by an arbitrator, stressing the arbitrator's 'need . . . for flexibility in meeting a wide

3    variety of situations' and the deference to be afforded the arbitrator's use of 'his informed

4    judgment . . . to reach a fair solution of a problem.") (quoting *United Steelworkers of America v.*

5    *Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).

6         Pioneer Roofing's second argument, that the LJAB's award "fails to draw its essence from

7    the applicable collective bargaining agreement," is similarly defective.  Dkt. No. 30 at 11.  Again,

8    the body of Pioneer Roofing's argument evidences its real grievance:  "In sum, the LJAB minutes

9    and award only reflect SMART LOCAL 104's one-sided unsupported version of the facts, and not

10   PRO's."  *Id*.  And again, this is not the kind of inquiry that the Court can undertake here.  *See*

11   *Stead Motors*, 886 F.2d at 1207 ("a court is barred from disregarding the arbitrator's factual

12   determinations, let alone supplementing them with its own").  Likewise, Pioneer Roofing objects

13   that the "remedy in the arbitration award is utterly unexplained," Dkt. No. 30 at 12, but "the

14   reasons for arbitral rulings need not be spelled out in detail.  Indeed, arbitrators have no obligation

15   to give their reasons for an award at all."  *Drywall Dynamics*, 823 F.3d at 533 (internal quotations

16   and alterations omitted).

17        The "jurisdictional dispute" alleged by Pioneer Roofing also fails to support vacating the

18   award.  Dkt. No. 30 at 12.  Pioneer Roofing says that "the underlying grievance impermissibly

19   raised issues regarding a jurisdictional dispute outside the scope of the agreement.  *In particular,*

20   *SMART LOCAL 104 erroneously alleged that its grievance was filed based on the fact that PRO*

21   *had reassigned work to the Roofers Union.  This is, of course, untrue.*"  *Id*. at 13 (emphases

22   added); *see also id*. (arguing LJAB "incorrectly determined that PRO violated the collective

23   bargaining agreement for performing covered work with workers who were not signatory to

24   SMART LOCAL 104.").  These are attacks on alleged factual and legal errors made by the LJAB

25   that the Court cannot adjudicate.

26        Pioneer Roofing has failed to identify any valid basis for overcoming the "nearly

27   unparalleled deference" the Court is to give the LJAB's decision.  *Drywall Dynamics*, 823 F.3d at

28   530.  The Court arrives at this conclusion without need for considering the evidence submitted by

1   Local 104 which Pioneer Roofing attacks as inadmissible.  Dkt. No. 30 at 14-16.  The Court

2   consequently overrules Pioneer Roofing's evidentiary objections as moot.  The Court also

3   expressly finds that even with all evidence construed and reasonable inferences drawn in favor of

4   Pioneer Roofing, there are no genuine disputes as to any material fact that preclude summary

5   judgment for Local 104.

### CONCLUSION

7       Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, the Court grants summary

8   judgment in favor of Local 104.  Pioneer Roofing's petition to vacate the decision and award of

9   the Local Joint Adjustment Board, Dkt. No. 19, is denied, and judgment will be entered in favor of

10  Local 104 on its counterclaim to confirm the arbitration award.  Dkt. No. 26.

11      **IT IS SO ORDERED.**

12  Dated:  January 18, 2017

JAMES DONATO
United States District Judge

*(left margin, vertical text)* United States District Court   Northern District of California